UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LAIDLAW & COMPANY (UK) LTD.,                :
                                             : Case No.:_____
                                             :
                        Petitioner,          :
                                             :
                                             :
     -against-                               : **PETITION TO PARTIALLY**
                                             : **VACATE ARBITRATION AWARD**
                                             :
                                             :
JOHN MICHAEL MARINACCIO,                     :
                                             :
                                             :
                        Respondent.          :
------------------------------------------------------------------X

      Petitioner Laidlaw & Company (UK), Ltd. ("Laidlaw" or "Petitioner"), by and through its undersigned attorneys, Carmel Milazzo & DiChiara LLP, as and for its Petition to Partially Vacate an Arbitration Award served on the parties on May 7, 2019, pursuant to Federal Arbitration Act ("FAA") 9 U.S.C. §§ 10 and 12, alleges as follows[1]:

## INTRODUCTION

    1.    This is an action pursuant to the FAA to partially vacate an arbitration award (the "Award") issued on April 12, 2019 by a panel (the "Panel") of FINRA arbitrators following a hearing ("Hearing") on December 12-13, 2018 in New York, New York, and served upon the parties on May 7, 2019.

    2.    The Award denied Laidlaw's claims for $78,483.06 in damages against Respondent John Michael Marinaccio ("Marinaccio") in an arbitration Laidlaw had commenced against Marinaccio, a former employee of Laidlaw with respect to the conversion and

---

[1] In support of this Petition, Petitioner also submits herewith a Memorandum of Law and the Declaration of Ross D. Carmel, Esq., dated June 4, 2019, with Exhibits ("Carmel Dec.").

detrimental use of Laidlaw's confidential information by Marinaccio and his next employer, non-party Joseph Gunnar & Co., LLC ("JGUN"). JGUN was also a party to the FINRA arbitration.

3. JGUN is not a party to this proceeding because Laidlaw is not seeking to vacate or modify that portion of the Award with respect to JGUN. This proceeding seeks only to vacate that portion of the award as applicable to Laidlaw's claims against Marinaccio as asserted in the Amended Statement of Claim.

4. As explained below, the Award was issued after the Panel improperly concluded the Hearing without taking complete testimony or rescheduling the hearing, depriving Laidlaw (and Respondents) from taking the testimony of any additional witnesses for rebuttal or other purposes. Further, the Panel improperly precluded the parties from further evidentiary submissions, other than a written summation that could not exceed two pages.

5. These procedural defects and the Panel's consequential failure to consider pertinent and material evidence denied Laidlaw a fair hearing on its claims against Marinaccio. The Panel's actions constitute grounds for partial vacatur of the Award under the FAA, 9 U.S.C. § 10(a)(3) as to Laidlaw's claims against Marinaccio.

**PARTIES**

6. Petitioner Laidlaw & Company (UK) Ltd. ("Laidlaw") is a foreign corporation and a registered broker-dealer with its United States headquarters and principal place of business located at 521 Fifth Avenue, 12th Floor, New York, New York 10175.

7. Upon information and belief, Respondent Marinaccio is domiciled in Ramsey, New Jersey.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction based on the diversity of citizenship of the parties, as Petitioner is a citizen of New York, and Respondent Marinaccio is domiciled in the State of New Jersey, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

9. Venue is proper in the Southern District of New York because a substantial portion of the events giving rise to Laidlaw's claims, and the underlying arbitration filing and Award, were made in this District. 9 U.S.C. § 10.

## FACTUAL BACKGROUND

10. On June 28, 2017, Laidlaw filed an Affidavit of Emergency, Order to Show Cause, Memorandum of law, and Verified Petition seeking preliminary injunctive relief to prevent further detrimental use of Laidlaw's confidential information by Marinaccio and non-party JGUN.

11. On June 30, 2017, the Court issued a temporary restraining order ("TRO") against Marinaccio and JGUN, restraining both from soliciting customers of Laidlaw, interfering with Laidlaw's customers, and using Laidlaw's confidential information, including customer lists.

12. The resolution of the Order to Show Cause involved a stipulation made on the record, wherein Marinaccio acknowledged that he stole the subject confidential customer lists from Laidlaw and stated that he did not possess any further confidential information or materials belonging to Laidlaw other than those he turned over to Laidlaw's counsel on that date. Marinaccio further represented that the documents returned to Laidlaw represented the entirety of the confidential information that he took from Laidlaw and that he did not retain the documents turned over.

13. Pursuant to FINRA rules, this matter was then transferred to FINRA with respect to the issuance of a preliminary injunction. In connection with same, Laidlaw filed a Statement of Claim with FINRA seeking, *inter alia*, a permanent injunction and damages.

14. Thereafter, the parties stipulated to a preliminary injunction with FINRA continuing the terms of the TRO during the pendency of the hearing, which included the representations that Marinaccio returned all of the Laidlaw documents.

15. On October 23, 2017, JGUN and Marinaccio submitted an Answer denying the Laidlaw Statement of Claim. In addition, Marinaccio counterclaimed alleging he was owed a discretionary bonus by Laidlaw, seeking $42,750.00 in damages, plus attorneys' fees and costs. Laidlaw submitted a Reply denying Marinaccio's allegations.

16. On November 20, 2017, Laidlaw filed a motion requesting leave to file an Amended Statement of Claim. Respondents' opposed same.

17. On or about December 20, 2017, the Panel granted Laidlaw's motion, and Laidlaw filed an Amended Statement of Claim seeking a permanent injunction, as well as damages related to a debit balance in Marinaccio's personal Laidlaw account, plus an additional $77,649.96 as result of Marinaccio's unauthorized day trading utilizing Laidlaw's average price account. It is this claim for damages, solely as against Marinaccio, that the Panel's Award would later deny, and for which Laidlaw is seeking partial vacatur.

18. After Respondents' failed to submit an Answer to Laidlaw's Amended Statement of Claim and failed to respond to Laidlaw's first request for documents and information, in February 2018, Laidlaw filed a motion to compel the production of documents and for sanctions. The sanction requested were an Order affirming that pursuant to FINRA Rules, Respondents had waived their right to object to Laidlaw's document request, and to bar Respondents from

presenting any defenses or facts at the hearing for failing to submit an Answer to Claimant's Amended Statement of Claim. Respondents' opposed Laidlaw's motion.

19. On March 21, 2018, the Panel issued an order granting Laidlaw's motion to compel documents against JGUN, and stated that JGUN had waived its right to object, but denied the request to bar Respondents from presenting any facts or defenses at the hearing for not submitting an Answer to the Amended Statement of Claim. Further, the Panel gave Marinaccio until April 27, 2018, to submit an Answer to the Amended Statement of Claim and responds to Laidlaw's discovery request.

20. After Marinaccio failed to submit an Answer pursuant to the above Order, on May 8, 2018, Laidlaw filed a motion for default seeking once again to bar Marinaccio from presenting any defenses or facts at the hearing and for sanctions related to same, as well as related to Marinaccio's failure to produce any documents or respond to Laidlaw's request for documents.

21. On May 17, 2018, three weeks before the first scheduled arbitration date and in response to the above motion, Marinaccio submitted a request to adjourn the hearing. Thereafter, the Panel adjourned the hearing, but did not address Laidlaw's motion.

22. On August 8, 2018, the parties participated in a pre-hearing discovery conference to schedule new hearing dates, and to address Laidlaw's outstanding motion for default.

23. That same day, on August 8, 2018, the Panel issued an Order allowing Marinaccio to submit his Answer to Laidlaw's Amended Statement of Claim and produce all documents and materials responsive to Laidlaw's discovery request, and respond to each request by August 15, 2018.

24. On August 15, 2018, Marinaccio submitted an Answer to the Amended Statement of Claim denying the allegations and stating that Laidlaw is retaliating against him as an alleged

whistleblower. Further, Marinaccio, in response to the majority of Laidlaw's discovery requests, stated he did not have any responsive documents. He did however produce certain documents, related to his correspondence with FINRA, and certain Laidlaw related text messages, pictures and emails previously not produced.

25. On October 3, 2018, Laidlaw filed a motion seeking Orders of Production from First Standard Financial related to Marinaccio's termination and the allegations set forth on his U-5, as well as renewing its motion for sanctions against Marinaccio for failing to produce all documents in his possession. Marinaccio opposed this motion.

26. Around this time it was discovered the Marinaccio was still using Laidlaw confidential information with reporters, former Laidlaw employees, and competitors of Laidlaw.

27. On November 15, 2018, Laidlaw filed an Emergency Motion for Injunctive Relief, again seeking to restrain Marinaccio from using Laidlaw's confidential information, and for sanctions.

28. On November 23, 2018, six weeks after Laidlaw filed the motion for Orders of Production against First Standard, the Panel issued an Order granting the Order of Production against for First Standard, ordered Marinaccio to again produce all documents in his possession, and didn't decide the motion for Emergency Injunctive Relief.

29. On November 30, 2018, Laidlaw's counsel spoke with First Standard, whose representatives advised him that they had deleted the Laidlaw customer list which Marinaccio brought to their firm; however, prior to deleting same, they had provided it to FINRA Enforcement.

30. The same day, on November 30, 2018, Laidlaw filed a motion requesting a one month adjournment of the hearing in order to obtain that information from FINRA Enforcement via an Order of Production, which was attached to the motion.

31. The Panel denied the motion and the arbitration hearing proceeded on December 12th and 13th, 2018.

32. During the arbitration hearing, Marinaccio admitted that he lied to FINRA in multiple 8210 responses, that he violated the TRO issued by the New York Supreme Court, and that he violated the preliminary injunction entered by FINRA related to his retention and use of Laidlaw's confidential information.

33. To this end, and after First Standard produced documents responsive to the Order of Production, it became clear that Marinaccio maintained a Laidlaw customer list after the TRO and preliminary injunction, and gave it to a broker at First Standard. Specifically, First Standard, in response to a FINRA 8210 Request, represented that: (a) Marinaccio provided a First Standard broker with a flash drive containing a customer list; (b) First Standard broker Joseph Orlando contacted an individual he did not know was a Laidlaw broker utilizing that customer list; (c) that Jodi Fauci of First Standard (and formerly of Laidlaw), reviewed the customer list and verified that "the file was in fact an account list provided to Laidlaw by their clearing firm, Stern[e] Agee"; (d) First Standard retained an outside vendor, I'm Your Nerd, who found the file on Marinaccio's First Standard computer, under the path "C:\Users\jmarinaccio\Desktop\LL" – "LL" standing for **L**aid**L**aw. Thus—in violation of the TRO and the injunction before the FINRA Arbitration Panel –Marinaccio continued to maintain Laidlaw documents that he used, or intended to use, for the benefit of his new employers and himself.

34. During the hearing, Marinaccio admitted that he still maintained certain Laidlaw documents. The Panel then ordered he bring those documents on the second day of the hearing. In response, Marinaccio produced certain documents at the hearing, including materials used in articles related to Laidlaw.

35. Thus, the evidence presented unequivocally demonstrated that Marinaccio repeatedly ignored the FINRA Panel's Orders, wantonly disregarded FINRA Rules, and violated the TRO from the New York County Supreme Court, as he continued to maintain Laidlaw's documents all the way through the arbitration hearing.

36. During Laidlaw's cross examination of Marinaccio as it related to his alleged bonus, the Panel intervened and advised Marinaccio that claim was not before the Panel. In response, Marinaccio had an emotional outburst, in which he ranted about his life and family being in shambles. Marinaccio then turned to the window behind him, and threatened to commit suicide.

37. As a result, the Panel stopped the arbitration hearing, sent the parties into separate rooms, and eventually cancelled the hearing for the day.

38. A few days later, the Panel notified the parties that the hearing was concluded and that they would not be taking any more testimony or rescheduling the hearing, depriving Laidlaw and Respondents from putting any additional witnesses for rebuttal or other purposes. Further, the parties were to submit summations in writing, no longer than two pages.

39. On January 22, 2019, the parties submitted their respective summations.

## THE ARBITRATION AWARD

40. On April 12, 2019, FINRA issued an Award denying Laidlaw's claims against Marinaccio. FINRA served the Award on Laidlaw on May 7, 2019.

41. The Award did not elaborate upon, or provide any basis for, the Panel's decision to deny Laidlaw's claims against Marinaccio. The Award also made no mention of the Panel's inexplicable decision to end the hearing after Marinaccio's outburst, or its failure to continue that hearing to a later date so that Laidlaw would have a full and fair opportunity to present its claims against, and cross-examine, Marinaccio.

## GROUNDS FOR VACATUR

42. Section 10 of the FAA warrants vacatur of an arbitration award "where the arbitrators are guilty of misconduct…in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced" and "where the arbitrators exceeded their powers. 9 U.S.C. § 10(a)(3), (4).

43. In addition to the § 10(a) grounds for vacatur, the courts in the Second Circuit has held that an arbitral decision may be vacated when an arbitrator has exhibited a manifest disregard of the law. Durfeco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383. 388 (2d Cir. 2003), citing Goldman v. Architectural Iron Co., 306 F.3d 1214, 1216 (2d Cir. 2002).

44. As discussed, the Panel prematurely concluded the hearing following Marinaccio's emotional outburst and inexplicably never resumed it, limiting further evidentiary submissions to a two page summation and improperly curtailing Laidlaw's cross-examination of Marinaccio.

45. The Panel's actions thereby deprived Laidlaw of the ability to submit the full spectrum of the evidence and testimony in support of its claims against Marinaccio, and thus, amounted to a refusal to "hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3). The "fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.'" Matthews v. Eldridge, 424 U.S. 319, 333 (1976) (internal quotation marks omitted).

46. "An arbitrator must provide a fundamentally fair hearing." Generica Ltd. v. Pharmaceutical Basics, 125 F.3d 1123, 1130 (7th Cir. 1997). Such a hearing is one that "meets the minimum requirements of fairness—adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator." Sunshine Mining Co. v. United Steelworkers of America, etc., 823 F.2d 1289, 1295 (9th Cir. 1987).

47. The Second Circuit has held that where a party to an arbitration is denied the opportunity to be heard in a meaningful time or in a meaningful manner, "enforcement of the award should be refused." Iran Aircraft Industries v. Avco Corp., 980 F.2d 141, 146 (2d. Cir. 1992).

48. At the time at which the Panel curtailed the hearing, Laidlaw had been about to cross-examine Marinaccio on evidence central to the case, including his possession of Laidlaw's confidential documents and customer lists, and his unauthorized day trading while at Laidlaw.

49. By curtailing Laidlaw's cross-examination, the Panel not only denied Laidlaw the basic prerequisites of fairness and due process it should have been provided in the arbitral forum, but also excluded material evidence.

50. On that basis, the Panel's actions also constitute misconduct. 9 U.S.C. § 10(a)(3).

51. The Award has not been confirmed, modified, or corrected as prescribed in 9 U.S.C. §§ 9 and 11.

52. The Court may partially vacate the Award as to Laidlaw only without otherwise modifying or vacating the Award with respect to the non-parties to this proceeding. See, e.g., Katz v. Feinberg, 167 F. Supp.2d 556 (S.D.N.Y. 2001); Golden Temple of Or., LLC v. Puri, 2013 U.S. Dist. LEXIS (D. Or. 2013); Interchem Asia 2000 PTE Ltd. V. Oceana Petrochemicals, AG, 378 F. Supp.2d 347 (S.D.N.Y. 2005); Favara, Skahan, Tabaczyk, Ltd. V. Ewing, 1992 U.S. Dist. LEXIS 4570 (S.D.N.Y. 1992).

53. The Petition is brought within three months, and within 90 days, after the issuance of the Award.

54. No previous application has been made to vacate or confirm the Award.

**WHEREFORE,** Petitioner respectfully requests the Court:

(a)     Partially vacate the Award, as to its denial of Laidlaw's claims against Marinaccio;

(b)     Remand the case to the FINRA, for assignment to a different Panel than the one which issued the Award, for further proceedings, including discovery and an evidentiary hearing on the merits of Laidlaw's claims asserted in the Statement of Claims against Marinaccio; and

(c)     Granting such other and further relief as the Court deems just, equitable, and proper under the facts and circumstances of this case.

Dated: New York, New York
       June 4, 2019

                                  Respectfully submitted,

                                  CARMEL MILAZZO & DICHIARA LLP

                                  By: _____
                                       Ross D. Carmel, Esq.
                                  *Attorneys for Petitioner Laidlaw & Co. (UK), Ltd.*
                                  55 West 39th Street, 18th Floor
                                  New York, New York 10018
                                  rcarmel@cmdllp.com