USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/28/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAIDLAW & COMPANY (UK) LTD.,

Petitioner,

v.

JOHN MICHAEL MARINACCIO,

Respondent.

No. 19-CV-5246 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

The Court is in receipt of the attached letter, received via email, from Petitioner Laidlaw & Company (UK) Ltd., seeking to file under seal in its entirety its proposed motion to stay arbitration and the accompanying documents. Petitioner, however, has not identified the reasons why sealing these documents is justified under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although sealing may be appropriate with respect to certain confidential information, Petitioner must nonetheless show why sealing here overcomes the "strong presumption of public access" that exists in federal courts. *See NRW, Inc. v. Bindra*, No. 12 Civ. 8555, 2013 WL 12353961, at *1 (S.D.N.Y. Oct. 24, 2013); *see also Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, Nos. 12-cv-196, 13-cv-743, 2017 WL 9400673, at *6 (N.D.N.Y. Jan. 6, 2017) (denying motion to seal arbitration documents). Moreover, notwithstanding the fact that Petitioner "seeks largely non-dispositive relief in the staying of a proceeding pending the resolution of this action," as opposed to the enforcement of an arbitration award, *see* Ltr. at 2, a motion to stay and the documents attached thereto are nonetheless judicial documents to which a presumption of public access attaches. *See, e.g., Lenart v. Coach Inc.*, 131 F. Supp. 3d 61, 72 (S.D.N.Y. 2015); *Skyline Steel, LLC v. PilePro, LLC*, No. 13-cv-8171 (JMF),

2015 WL 556545, at *4 (S.D.N.Y. Feb. 9, 2015).

Accordingly, no later than February 4, 2020, Petitioner shall provide the Court with the reasoning as to why, under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), sealing the motion to stay in its entirety, as well as the accompanying documents, is justified. Should Petitioner wish to instead submit proposed redactions more narrowly tailored to the interests it seeks to protect, it shall do so no later than February 4, 2020, but it must also provide the Court with the justifications as to why each such proposed redaction is appropriate under the *Lugosch* standard.

SO ORDERED.

Dated: January 28, 2020
New York, New York

Ronnie Abrams
United States District Judge