USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/31/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAIDLAW & COMPANY (UK) LTD.,

Petitioner,

v.

JOHN MICHAEL MARINACCIO,

Respondent.

No. 19-CV-5246 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

The Court is in receipt of the attached letter, received via email, from Petitioner Laidlaw & Company (UK) Ltd., which was submitted in response to the Court's January 28, 2020 Order. Petitioner continues to seek to file under seal its proposed motion to stay a second arbitration filed by Defendant John Michael Marinaccio and the accompanying documents, or in the alternative, to file under seal the Statement of Claims and pages 6-9 of the memorandum of law in support of that motion. In its letter, Petitioner purports to explain why, under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), sealing these documents is appropriate. The proposed motion to stay arbitration and the accompanying documents are indeed judicial documents to which a presumption of public access attaches. *See, e.g., Lenart v. Coach Inc.*, 131 F. Supp. 3d 61, 72 (S.D.N.Y. 2015); *Skyline Steel, LLC v. PilePro, LLC*, No. 13-cv-8171 (JMF), 2015 WL 556545, at *4 (S.D.N.Y. Feb. 9, 2015). Contrary to Petitioner's suggestion that "the documents play only a negligible role in judicial functioning," Petitioner has submitted these documents to the Court for its consideration in determining whether to stay the second arbitration filed by Defendant. *See Lugosch*, 435 F.3d at 123. Having balanced this presumption of public access against the important, but lesser,

interest of Petitioner to keep certain information submitted in arbitration private and confidential, the Court finds that Petitioner's interests do not outweigh the strong presumption of access. Accordingly, Petitioner's sealing request is denied. If Petitioner seeks to file its motion to stay arbitration and the accompanying documents before this Court, it must publicly file those materials on the docket. Petitioner shall also serve Defendant, in accordance with the Federal Rules of Civil Procedure, with a copy of its motion, the accompanying documents, this Order, and the Court's January 28th Order, and shall file proof of service on the docket.

SO ORDERED.

Dated: January 31, 2020
New York, New York

Ronnie Abrams
United States District Judge

**CMD**
CARMEL, MILAZZO & DICHIARA LLP
ATTORNEYS AT LAW

January 30, 2020

*Via Electronic Mail*

The Honorable Ronnie Abrams
Thurgood Marshall, Unites States Courthouse, Courtroom: 2203
40 Foley Square, New York, NY 10017

      **Re:    Laidlaw & Company (UK) Ltd. v. John Michael Marinaccio**
            <u>Case No. 19-cv-05246</u>

Dear Judge Abrams:

      This firm represents Petitioner Laidlaw & Company (UK) Ltd. ("Laidlaw" or "Petitioner") in the above-referenced matter. We write with respect to Your Honor's recent Order, dated January 28, 2020, directing the undersigned to set forth why Laidlaw's prior application to file under seal should be granted as consistent with the holding in *Lugosch v. Pyramid Co. of Onondaga.* 435 F.3d 110 (2nd Cir. 2006).

      *Lugosch* set forth a three part test to be used to determine whether documents may be filed under seal. First the Court must determine whether the documents at issue are "judicial documents." If the documents are determined to be judicial documents, the Court must determine the weight of the common law presumption of access. Finally the Court must "balance competing considerations against [the weight of the common law presumption of public access]." *Lugosch*, 435 F.3d at 119-120.

      Before any public right of access to attach, there must be a determination that the documents are "judicial documents." *Lugosch*, 435 F.3d at 119. The Court in *Lugosch* recited a holding in *United States v. Amodeo* to the effect that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." 44 F.3d 141, 145 (2nd Cir. 1995). Instead, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id*. While the documents sought to be filed under seal arguably pertain to the function of the Court, nearly all documents filed with the Court are so lodged for *some* judicial purpose. Yet, as stated above, the mere filing of a paper does not render same a judicial document. As argued in Laidlaw's initial letter motion, the documents sought to be filed under seal do not bear on the present action to partially vacate an arbitration award whatsoever. Nor is the relief sought final, dispositive, or of the nature necessarily affecting the rights or responsibilities of any of the parties to this action. Therefore, in the instant context, the documents are not judicial documents subject to First Amendment considerations.

      Even when applicable, "the First Amendment right creates only a *presumptive* right of access." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 164-65 (2nd Cir. 2013). Therefore, next, in determining the weight of the common law presumption of access, a Court is to consider the importance of the evidence to the judicial function. *In re NBC Universal, Inc.*, 426 F.Supp.2d 49, 53 (E.D.N.Y. 2006) "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id*, 426 F.Supp.2d at 53 (citation omitted). "[D]ocuments playing only a negligible role in judicial functions had a very low presumption of access." *Id*. Here, the documents play only a negligible role in judicial functioning. As stated in *U.S. v. Amodeo*,

documents submitted on a motion for summary judgment which was denied left the decision on the merits for a different juncture, and postponed a final determination of substantive legal rights, was appreciably weak. 71 F.3d 1044, 1049 (2nd Cir. 1995). Here there is no final determination in that the documents play absolutely no role in the motion to partially vacate or the cross-motion to confirm the arbitration award. The documents do not even play a role in a final determination of the motion to stay the Second Arbitration. Instead, the motion only seeks to stay the Second Arbitration pending a determination of the motion to partially vacate and cross-motion to confirm the arbitration award. Therefore, this Court should determine the public right of access, if any, to be weak.

As stated in Laidlaw's initial letter, further considerations promote Laidlaw's right to file these documents under seal due to the heavy presumption against the public interest to access to these records which contain baseless, unsworn claims of Marinaccio, which have already been denied. *See, also U.S. v. Amodeo*, 71 F.3d 1044, 1052 (2nd Cir. 1995) (Noting that unsworn accusation of doubtful veracity, possibly stemming from personal animosity were more likely to mislead that to inform the public). In *Amodeo*, the Court further noted the unfair position a party would be in were it to be put to decide between suffering the accusations contained in the document to be sealed and revealing the information therein. Laidlaw is put to a similarly unfair position here: it has to unfairly choose between defending the baseless claims which have already been denied or risk the unfair consequence of the documents becoming otherwise public in moving to stay the arbitration of same claims. Indeed, it would give Marinaccio unfair and undue leverage in that regard, as Laidlaw would have no choice but to defend a second arbitration if it could not move to stay the improper arbitration under seal

Finally, the Court is required to balance competing considerations against the presumption of access. *Lugosch*, 435 F.3d, at 120. The factors include but are not limited to "the privacy interests of those resisting disclosure." *Id.* "[D]ocuments may be sealed…[when] closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re New York Times Co.*, 828 F.2d 110, 116 (2nd Cir. 1987) (A party's privacy interests are substantial such that the public right to access may be surmounted by same). In that regard, as stated in *Global Reinsurance Corp.-U.S. Branch v. Argonaut Ins. Co.*, in the context of arbitration, the "parties are permitted to keep their private undertakings from the prying eyes of others," 2008 WL 1805459 *1 (S.D.N.Y. 2008). Here, Laidlaw is entitled to keep these private matters from the public; it has already been determined that Marinaccio's claims have no merit and same were already denied. It should not have to have its name drug through the mud simply because it seeks to stay an arbitration, the allegations in which have already been deemed meritless. Surely, its name and reputation will be severly damaged, in fact its ability to gain clients and even solicit talented employees will be jeopardized, because the allegations against it paint it as a nefarious organization bent on profits at the expense of its customers and which will retaliate against whistleblower employees. These are patently untrue. Therefore, Laidlaw's interest in keeping these matters confidential is great.

As raised in Laidlaw's initial letter motion, a similar situation to that at bar resulted in the sealing of documents was granted pursuant to the confidentiality requirements, identical to those of FINRA, of a California arbitration body governed by California's Mandatory Fee Arbitration Act, in *Vedder Price P.C. v. US Capital Partners, LLC*. 2019 WL 1986737 (S.D.N.Y. 2019). In that case, the documents in question were confidential as are the instant documents. The Southern District of New York stated that it did not even need to reach the question of a presumption of

public access, and even if it did, such presumption was overcome. Weighing into its analysis was the rule that the particular document, the arbitration award, was to remain confidential. Likewise, FINRA filings, as pertinent here, are not public documents. The Court stated that there were privacy guarantees associated with those procedures, just like those described by the *Global Reinsurance* Court with respect to arbitration materials.[1] Those privacy concerns were not to be "lightly disregard[ed]," and the request to unseal was denied. *Id*, at *3. The *Vedder* Court relied upon other New York District Court cases upholding the confidential nature of arbitration documents. *See, Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Management, Inc.*, 2005 WL 1522783 (E.D.N.Y. 2005) (Holding that records stemming from prior arbitration proceeding were confidential).

The Court in *Lindsey Claims Management* stated that there is a strong public interest in maintaining the confidentiality of arbitration materials. The Court noted that there is no presumption of access to terms of confidential agreements absent some extraordinary circumstances, and equated that to the arbitration setting, where confidentiality is contracted for and expected. *Id*. at *4. Ultimately the Court ruled that the privacy interest could only be overcome by compelling need, which does not exist in the instant case.

As such, Laidlaw should be granted leave to file its motion to stay the Second Arbitration under seal, and be afforded the principal advantage of confidentiality as described above.

In the alternative, if the Court is not inclined to seal the entirety of the documents, Laidlaw respectfully requests that the Statement of Claims be redacted, together with that portion of its memorandum of law in support of its motion to stay the second arbitration which concerns the allegations made in the Statement of Claims (*See*, Memorandum of Law, pp.6-9). This manner of redaction is sufficiently narrowly tailored to meet all of the objectives set forth in *Lugosch*, most pertinently that giving the public the ability to observe and monitor the Courts. If it is in fact the public interest in monitoring the judicial functioning, and not a simple blanked 'entitlement' to view the entirety of the allegations in public disputes, this alternative position is sufficient to meet the requirements of the First Amendment. Should the Court grant Laidlaw's motion to stay the Second Arbitration, the public will know why the Court so ruled. The particular allegations (private arbitration matters, which have already been determined against Marinaccio) sought to be redacted are of little importance compared to the Court's application of the general principals of res judicata and collateral estoppel argued in the memorandum of law.

Therefore, should the Court be disinclined to allow the filing of all of the documents under seal, it should allow the Statement of Claims and pages 6-9 of the memorandum of law, containing the allegations of the Statement of Claims, to be filed under seal.

Very truly yours,

/s/ Ross D. Carmel

---

[1] Indeed, because the policy favoring arbitration, a policy which *requires* these particular parties to arbitrate instead of litigate, is advanced by one of its principal advantages, confidentiality, that same principal should be applied here. *Global Reinsurance Corp.-U.S.*, at *1.